IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TODD HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16CV778 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's Motion to Dismiss [Doc. #9]. On June 24, 2016, *pro se* Plaintiff Todd Hawkins ("Plaintiff") filed a Complaint [Doc. #1] seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Act. Defendant now moves for dismissal of the Complaint in light of Plaintiff's failure to timely commence this civil action.

I. PROCEDURAL HISTORY

Plaintiff initially filed his application for DIB on November 4, 2009, alleging a disability onset date of January 30, 2009. (Def.'s Br. Ex. 1 [Doc. #10-1] at 17.) On April 21, 2014, he appeared and testified at an administrative hearing. (Id. at 8.) Following this hearing, the ALJ issued a decision, dated September 9, 2014, denying Plaintiff's claim for benefits. (Id. at 8-15.)

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff requested Appeals Council review, and on October 28, 2015, the Appeals Council denied Plaintiff's request, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Id. at 3.)

The Appeals Council's denial notice noted that Plaintiff had submitted additional medical records for 2015, but those records were not considered because the ALJ's decision only covered the period through September 9, 2014. In addition, the denial notice reflects that it was mailed to Plaintiff's home address, and it informed him of his right to commence a civil action within 60 days from the date of receipt of the notice. However, Plaintiff did not file his Complaint with this Court until June 24, 2016, 175 days after the time for bringing a civil action expired. (Id. at 3-4; Complaint.)[2] Because there is no evidence that Plaintiff (1) requested an extension of time to file his Complaint, or (2) has demonstrated "good cause" to equitably toll the 60-day filing requirement, Defendant now moves for dismissal.

II. <u>DISCUSSION</u>

Judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Act, as amended (42 U.S.C. § 405(g) and (h)). Section 405(g) provides, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such

---

[2] The Court notes that the Complaint is dated December 29, 2015, but was not mailed to the Court until June 2016. (See Complaint Envelope, filed on the left, with postmark dated June 22, 2016, received for filing June 24, 2016.) Plaintiff provides no explanation for the delay, and the Court therefore uses the June 24, 2016 filing date.

further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added).[3] The sixty-day requirement is "not jurisdictional, but rather constitutes a period of limitations" which is subject to equitable tolling. Bowen v. City of New York, 476 U.S. 467, 478–80, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). However, the Fourth Circuit has cautioned that tolling "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir.1986); see also Hines v. Barnhart, No. 5:04–CV–726–FL (E.D.N.C Jan. 25, 2006) ("[I]t is not the court's role simply to determine, as the Commissioner may, that 'good cause' exists to toll the 60–day limit. Rather, the court's equitable discretion to overlook plaintiff's untimely filing should be exercised only when the equities tip significantly in favor of tolling").

In the present case, Plaintiff filed his Complaint with this Court nearly six months after the sixty-day time period for bringing a civil action expired. There is no evidence that Plaintiff ever requested an extension of time to file his Complaint. (Def.'s Br. Ex. 1 at 3.) Moreover, Plaintiff's response to Defendant's motion fails to address the untimeliness of Plaintiff's filing in any way. Rather than presenting any exceptional circumstances for his lateness, Plaintiff merely repeats the merits of his disability claim and points to new evidence to show that his condition has worsened since the September 9, 2014 decision.[4] (See Pl.'s Br. [Doc. #12].) As

---

[3] This limitations period has been modified by the Commissioner's regulations to begin only upon receipt of the notice, rather than upon its mailing, and receipt is presumed to be five (5) days after the date of the decision. See 20 C.F.R. § 422.210(c).

[4] As noted in the Appeals Council determination, the ALJ decision that is the subject of the present case relates to Plaintiff's condition only up to September 9, 2014. If Plaintiff suffered new or worsening impairments after September 9, 2014, and wants to present evidence from after September 9, 2014 regarding those new or worsening impairments, he should file a new application for disability benefits with the Agency so that he can present that evidence for administrative review.

3

such, he presents no reason for the Court to extend the sixty-day period in this case. Accordingly, this Court recommends that the case be dismissed as untimely filed.

IT IS THEREFORE RECOMMENDED that the Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. #9] be GRANTED, and that this action be DISMISSED with prejudice.

This, the 4th day of May, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge