IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TODD HAWKINS,                       )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    1:16CV778
                                    )
ANDREW SAUL,                        )
Commissioner of Social Security,[1] )
                                    )
            Defendant.              )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court on a limited remand from the Court of Appeals for the Fourth Circuit to determine whether Plaintiff's Complaint was timely filed. Both parties appeared at a hearing on August 15, 2019, with Plaintiff Todd Hawkins ("Plaintiff") appearing *pro se*, Lauren Donner Chait appearing telephonically on behalf of Defendant, and Joan Childs of the United States Attorney's Office appearing in person on behalf of Defendant.

Plaintiff filed a Complaint [Doc. #1] in this Court on June 24, 2016, seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Social Security Act. Defendant subsequently moved for dismissal of the Complaint on statute of limitations grounds. Noting that Plaintiff did not file his Complaint until 175 days after the time for bringing the action expired, this

---

[1] Andrew Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Nancy A. Berryhill as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Court recommended dismissal of Plaintiff's claims. Plaintiff filed an Objection to the Recommended Ruling, contending that he timely mailed the Complaint in December 2015. In doing so, Plaintiff attached a mail receipt, with a tracking number that reflected mailing of a package on December 30, 2015. However, the receipt failed to show the address that the package was sent to or the name of the person who signed for the package, and the Court has no record of receiving anything prior to receipt of the Complaint filed on June 24, 2016. Nevertheless, given Plaintiff's *pro se* status and the nature of Plaintiff's contentions, the Court ultimately stayed Defendant's Motion to Dismiss to allow the parties to file cross motions for judgment. The Court then considered whether Plaintiff's Complaint, had it been timely filed, would merit remand of the ALJ's decision. By Recommendation issued July 27, 2018 [Doc. #30], the Court concluded that Plaintiff's claims did not merit remand, and this determination was affirmed and adopted by the District Court on August 23, 2019 [Doc. #34, #35].

Plaintiff appealed this adverse decision to the Court of Appeals for the Fourth Circuit. By Order issued on July 29, 2019, the Fourth Circuit remanded the case to this Court "for the limited purpose of determining whether appellant's complaint was timely filed." Hawkins v. Saul, No. 18-2110 (4th Cir. July 29, 2019). The Court set the case for a hearing on August 15, 2019.

At the hearing, Plaintiff testified that he mailed his Complaint and Cover Sheet in December 2015. Plaintiff testified that he used the address for the Clerk's Office in Greensboro. Plaintiff further testified that his receipt from the Postal Service shows that he mailed a package on December 30, 2015, and Plaintiff submitted that receipt with his earlier

2

Objections [Doc. #15]. Although the receipt does not have a street address, it does reflect a general destination of Greensboro. Plaintiff testified that a few months later, in May 2016, when he had not heard anything from the Court, he contacted the Clerk's Office and only then learned that his Complaint had not been received. Plaintiff testified that he then made another copy of the filing that he had mailed in December, and mailed it to the Court in June 2016. That filing was received by the Court and was filed on the docket on June 24, 2016. The Complaint and Cover Sheet are dated December 29, 2015.

At the hearing, the Court noted that questions still remained with respect to whether the Complaint had been properly addressed and sent for filing in December 2015, since the Court has no record that it was actually received, and Postal Service tracking information was not provided. The Court noted the possibility of staying the matter and directing the Parties to obtain any available tracking information from the Postal Service. However, the Commissioner, through counsel, ultimately concluded that further inquiry on that point was not necessary because equitable tolling would cover the period from December 30, 2015 through June 24, 2016, when the Complaint was filed. In that regard, the Commissioner agreed that in light of Plaintiff's testimony, and given the facts presented, equitable tolling would be appropriate for that limited period of time. See 42 U.S.C. § 405(g) (noting that a civil action must be "commenced within sixty days after the mailing [of notice of the Commissioner's decision] or within such further time as the Commissioner of Social Security may allow"); 20 C.F.R. § 404.911 (providing examples of when the Commissioner would extend a deadline); Bowen v. City of New York, 476 U.S. 467, 480 (1986) (noting that "the

Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake"). In light of that determination, the statute of limitations would be extended to June 24, 2016, and Plaintiff's Complaint would be timely filed. Therefore, based on the Commissioner's position as reflected at the hearing on August 15, 2019, which was based on the additional evidence and information presented at the hearing, this Court will recommend that Plaintiff's June 24, 2016 Complaint be deemed timely filed. The remainder of the Court's July 27, 2018 Recommendation would not be affected.

IT IS THEREFORE RECOMMENDED that Plaintiff's June 24, 2016 Complaint be deemed a timely-filed Complaint.

This the 16th day of August, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge